UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HICA EDUCATION LOAN CORPORATION,

    Plaintiff,

vs.      Case No. 2:11-cv-711-FtM-29SPC

TOMAS PEREZ,

    Defendant.
_____

**OPINION AND ORDER**

    This matter comes before the Court on plaintiff's Motion for Summary Judgment (Doc. #17) filed on June 5, 2012. Defendant filed a Response (Doc. #20) on June 14, 2012.

    Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010).

Defendant Tomas Perez signed a Health Education Assistance Loan Program Promissory Note pursuant to the provisions of the United States Health Education Assistance Loan (HEAL) Program statutes and regulations. The Promissory Note (Note) was signed by defendant as the borrower of a sum from First American Bank, N.A. as the lender on October 26, 1990[1], creating a promise to pay the lender "or the subsequent holder of this Note" the principal sum of $3,408.00 plus interest, late charges, reasonable attorney's fees, and other costs. (Doc. #1, ¶¶ 5-6; Doc. #1-1, Exh. 1; Doc. #7, ¶¶ 5-6.)

A Note may be assigned to SLMA or a public entity in the business of purchasing student loans. 42 C.F.R. § 60.38. Student Loan Marketing Association (SLMA) is authorized to service or sell loans insured by the Secretary. 42 U.S.C. § 292a(c). Plaintiff has not produced any records of a sale or assignment of the Note from First American Bank, N.A.[2] to Student Loan Marketing Association (SLMA)[3] prior to the sale or assignment from SLMA to plaintiff HICA Education Loan Corporation (HICA). The Note in this

---

[1] Although the Note itself provides this date, plaintiff alleges a date of October 29, 1993, and this allegation was admitted by defendant in his Answer.

[2] Plaintiff incorrectly relies on the undisputed fact that the Note was payable to SLMA rather than First American Bank, N.A., doc. #17, ¶ 2.

[3] SLMA is popularly known as "Sallie Mae". 42 C.F.R. § 60.30(c)(2).

case was eventually sold by SLMA pursuant to a Loan Sale Agreement Dated November 24, 2003 and Bill of Sale and Blanket Endorsement (Doc. #17-1, pp. 3-4). In support of summary judgment, plaintiff submits the Declaration of Robin Zimmermann (Doc. #17-2), a Senior Litigation Analyst in the Bankruptcy Litigation Unit for Sallie Mae, Inc., the servicing agent for plaintiff HICA and SLMA. Zimmermann is the records custodian for HICA by virtue of her position with Sallie Mae.

To recover on a promissory note, plaintiff must establish that defendant signed the note, plaintiff is the present owner of the note, and that the note is in default. FDIC v. Selaiden Builders, Inc., 973 F.2d 1249, 1254 (5th Cir. 1992)(collecting cases). The procedure for assignment of the Note to another lender is:

> A HEAL note assigned from one lender or holder to another must be subject to a blanket endorsement together with other HEAL notes being assigned or must individually bear effective words of assignment. Either the blanket endorsement or the HEAL note must be signed and dated by an authorized official of the seller. Within 30 days of the transaction, the buyer must notify the following parties of the assignment:
>
> (1) The Secretary;
>
> (2) The borrower. The notice to the borrower must contain a clear statement of all the borrower's rights and responsibilities which arise from the assignment of the loan, including a statement regarding the consequences of making payments to the seller subsequent to receipt of the notice; and
>
> (3) The borrower's school, as shown on the application form supporting the loan purchased

>      by the buyer, if the borrower is enrolled in
>      school.

42 C.F.R. § 60.38(a).  It is undisputed that defendant signed the Note, and it is undisputed that the Note was not entirely paid off. What is disputed is whether plaintiff complied with the notice procedures in assigning the loan, and whether plaintiff is the current owner of the Note as no evidence has been produced showing a sale or valid assignment from First American Bank, N.A. to SLMA.

Accordingly, it is now

**ORDERED**:

1.   Plaintiff's Motion for Summary Judgment (Doc. #17) is **DENIED**.

2.   Pursuant to the Magistrate Judge's June 14, 2012 Order (Doc. #21), the parties shall file a motion for a revised Case Management Report within **TEN (10) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of September, 2012.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record